**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**CHARLIE B. MACON, JR.**                                                                   **PETITIONER**

**V.**                                                                   **NO. 1:26-CV-00046-RPC-RP**

**STATE OF MISSISSIPPI**                                                                   **RESPONDENT**

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on the *pro se* petition of Charlie B. Macon, Jr., for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondent has moved to dismiss for failure to exhaust available state court remedies.  Petitioner filed a response and Respondent filed a reply. The matter is now ripe for resolution.  For the reasons set forth below, the instant petition will be dismissed without prejudice for failure to exhaust state court remedies.

### <u>Procedural Posture</u>

Petitioner Charlie B. Macon, Jr., is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Kemper-Neshoba County Correctional Facility located in Dekalb, Mississippi.  Doc. # 1 at 22.  On September 30, 2025, a Grand Jury in the Circuit Court of Winston County, Mississippi, returned a two count indictment against Macon: (1) possession of  methamphetamine and (2) as a second or subsequent offender under Miss. Code Ann. § 41-29-147.  Doc. # 8-1.  The indictment was served on Macon on October 7, 2025.  *See* Doc. # 8-2.

On November 13, 2025, Macon signed a "Petition to Enter Plea of Guilty" on the count of possession of methamphetamine.  Doc. # 8-4.  As a part of this plea petition, the State agreed to dismiss the count charging Macon as a second or subsequent offender.  *See id.* at 3.  That same date, the trial court accepted Macon's plea and sentenced him to a term of eight years, with five years to serve in MDOC custody and three years suspended, followed by three years on post-

release supervision.  Doc. # 8-5.  To date, Macon has not sought post-conviction relief in any state court.  *See* Doc. # 8 at 2-3.

Macon signed the instant petition for federal habeas corpus relief on January 26, 2026, and it was filed on the docket in the Southern District of Mississippi on March 31, 2026.  Doc. # 1.  In his petition, Macon raises claims for unreasonable search and seizure, speedy trial, and double jeopardy.  *See id.*  The matter was transferred to this District on April 3, 2026.  Doc.# 3.  On April 6, 2026, the Court entered an order directing Respondent to answer Macon's petition on or before June 22, 2026.  Doc. # 6.  Subsequently, on June 22, 2026, Respondent moved to dismiss Macon's petition for failure to exhaust state court remedies.  Doc. # 8.  Macon filed a response in opposition on June 29, 2026.  Doc. # 9.  Respondent filed its reply in support on July 7, 2026.  Doc. # 10.

### Failure to Exhaust

A petitioner must exhaust his available state court remedies before seeking federal habeas relief.  *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999).  The exhaustion requirement is satisfied when a petitioner has presented his claims to the state's highest court in a procedurally proper manner and provided the highest state court with a fair opportunity to pass upon the claims.  *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *see also Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985).  If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed.  *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack on that judgment.").

Macon concedes that he has not raised his claims in any state court, neither the trial court nor an appellate court.[1] *See* Doc. # 1. As such, the Mississippi Supreme Court, the state's highest court, has not yet had an opportunity to consider Macon's claims. Macon's failure to exhaust available state court remedies, therefore, requires dismissal of the instant federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1) and (c).[2]

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Macon must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Macon must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

### Conclusion

For the reasons set forth herein, the Court finds that Respondent's Motion [8] to Dismiss should be **GRANTED,** and the instant petition for a writ of habeas corpus will be **DISMISSED without prejudice** for failure to exhaust available state court remedies. The Court further

---

[1] In explaining why he has not exhausted, Macon simply states that he had a preliminary hearing on the charges underlying the state-court conviction sometime in October 2023, believed the charges would be dismissed, and yet received the indictment on October 7, 2025. Doc. # 1 at 8, 10, 12.

[2] The Court further finds that no "good cause" exists for Macon's failure to exhaust his claims in State court prior to filing the instant federal habeas petition, and it determines that a stay and abeyance is inappropriate in this case. *See Rhines v. Weber*, 544 U.S. 269, 270 (2005)(holding that in "limited circumstances," a federal court may stay a habeas petition to allow the petitioner to litigate his unexhausted state claims in State court before returning to federal court).

**DENIES** a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

      **SO ORDERED**, this is the 8th day of July, 2026.

_Robert P. Chamberlin_
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**